IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ORO CAPITAL ADVISORS, LLC, et al., | : :  : Case No. 2:19-cv-5087 : :  CHIEF JUDGE ALGENON L. MARBLEY : :  Magistrate Judge Elizabeth P. Deavers : |
| Plaintiffs, | |
| v. | |
| BORROR CONSTRUCTION CO., LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| THE CARTER-JONES LUMBER CO., D/B/A HOLMES LUMBER CO., | : :  : Case No. 2:20-cv-04894 : |
| Plaintiff, | |
| v. | |
| ORO RB SPE OWNER, LLC, et al., | |
| Defendants. | |

**OPINION & ORDER**

**I. INTRODUCTION**

Currently before the Court is a Motion for Leave to File a Consolidated Amended Pleading, to Consolidate, and to Realign the Parties (the "Realignment Motion") by Plaintiffs Oro Capital Advisors, LLC; Oro Karric South, LLC; Oro Karric North, LLC; Oro Silvertree, LLC; Oro Springburne, LLC; Oro RB SPE Owner, LLC ("Oro RB"); and Oro Island Club SPE Owner (together, the "Oro Entities" or "Oro"). (2:19-cv-05087, ECF No. 76; 2:20-04894, ECF No. 22). Specifically, Oro requests the Court to: (1) join for purposes of trial and consolidate for all other

1

purposes *Oro Capital Advisors, LLC v. Borror Construction Co., LLC*, No 2:19-cv-05087 (S.D. Ohio) ("the Federal Construction Case") with *The Carter-Jones Lumber Co. d/b/a Holmes Lumber Co. v. Borror Construction Co.*, No. 2:20-cv-04894 (S.D. Ohio) (the "Removed Action"); (2) realign the parties by designating the Oro Entities as Plaintiffs and designating the existing defendants in the Federal Construction Case as Defendants; and (3) grant leave to Oro to file a consolidated amended pleading, which would incorporate all pending claims into a single pleading and bring additional claims. Canal Flooring and Holmes Lumber oppose the Realignment Motion. (2:19-cv-05087, ECF Nos. 81, 82; 2:20-04894, ECF No. 26, 29).[1] For the reasons set forth below, the Court **GRANTS IN PART** Oro's motion.

## II. BACKGROUND

This case is about a series of construction projects that were never completed. In June of 2018, the Oro Entities contracted with Defendant Borror Construction Co., LLC ("Borror Construction" or "Borror") to complete various renovations at several different residential apartment complexes in Columbus, Ohio. (Pls.' Am. Compl. ¶¶ 33−44, ECF No. 50). Borror served as project manager and subcontracted with Defendants Canal Services Corporation d/b/a Canal Flooring ("Canal Flooring" or "Canal") and The Carter-Jones Lumber Co. d/b/a Holmes Lumber Co. ("Holmes Lumber" or "Holmes") to complete some of the work. (ECF No. 76 at 7).

According to Oro, Borror eventually abandoned the renovations it promised to complete. (ECF No. 1 at ¶¶ 46─53. Oro also alleges that it discovered myriad problems relating to work that was finished, including with the balconies Holmes constructed and the flooring Canal installed. (ECF No. 76 at 7─8). These events gave rise to a flurry of litigation, which includes cross-claims,

---

[1] Defendant Borror Construction, Defendant BPI Associates, LLC, and the Individual Defendants did not respond to the Realignment Motion.

counter-claims, and third-party claims filed in both federal and state court. Nearly thirty parties are involved, and more than fifty claims have been asserted.

### III. LAW & ANALYSIS

This Court held a hearing on the Realignment Motion on January 26, 2021. (ECF No. 93). During the hearing, the Oro Entities, Canal Flooring, and Holmes Lumber each presented their arguments on the three issues. Neither Canal nor Holmes opposed consolidation for the purpose of discovery.

Instead, the parties' dispute centers on whether the Court should join the cases for trial and, if so, whether the parties should be realigned. Additionally, the parties disagree about whether Oro should be granted leave to amend its pleadings. These remaining issues are intertwined with several dispositive motions that are currently pending before the Court in both the Federal Construction Case[2] and the Removed Action.[3] In the interest of using judicial resources most expeditiously, the Court will resolve the outstanding dispositive motions in these cases first, before turning to the remaining Realignment Motion issues.

Accordingly, this Court **GRANTS** the Oro Entities' Motion, in so far as it seeks consolidation, for discovery purposes only. The Court **HOLDS IN ABEYANCE** the questions of whether the parties will be joined for trial pursuant to Fed. R. Civ. P. 42, whether the parties will

---

[2] Pending dispositive motions in the Federal Construction Case include: (1) a Motion to Dismiss by Defendant Canal Flooring, filed on September 16, 2020 (2:19-cv-0508, ECF No. 53); (2) a Motion to Dismiss by Defendant Holmes Lumber, filed October 7, 2020 (*Id.*, ECF No. 69); and (3) a Motion for Judgment on the Pleadings in Part by Defendants BPI and Borror and the Individual Defendants, filed on November 24, 2020 (*Id.*, ECF No. 84).

[3] The Removed Action dispositive motions are: (1) a Motion to Strike and Motion to Dismiss by Cross Defendant Canal Flooring, filed on September 24, 2020 (2:20-04894, ECF No. 8); (2) a Motion to Dismiss Oro RB's Counterclaim by Plaintiff Holmes Lumber, filed on October 9, 2020 (*Id.*, ECF No. 16); and (3) a Motion to Dismiss and/or Strike by Third Party Defendants BPI, Borror, and the Individual Defendants, filed on October 16, 2020 (*Id.*, ECF No. 20).

be realigned, and whether Oro will be granted leave to amend. The Court will issue an Opinion and Order on these issues after ruling on the pending dispositive motions in the Federal Construction Case and the Removed Action.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Oro's Realignment Motion [#76]. The above-captioned cases are consolidated for discovery purposes only. The remaining issues in the Realignment Motion are held in abeyance until after this Court rules on the pending dispositive motions.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 2, 2021**