EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ORO CAPITAL ADVISORS, LLC, et al. | : | Case No.: 2:19-CV-05087 |
| Plaintiffs, | : | Chief Judge Algenon L. Marbley |
| v. | : | Chief Magistrate Judge Elizabeth P. Deavers |
| BORROR CONSTRUCTION CO., LLC, et al. | : | |
| | : | |
| Defendants. | | |

### CIV. R. 30(b)(6) NOTICE OF DEPOSITION OF DEFENDANT, BORROR CONSTRUCTION CO., LLC

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6), Plaintiffs, Oro Capital Advisors, LLC, Oro Karric North, LLC, Oro Karric South, LLC, Oro Silvertree, LLC, Oro Springburne, LLC, Oro RB SPE Owner, LLC, and Oro Island Club SPE Owner, LLC ("Plaintiffs"), will take the deposition of Defendant Borror Construction Co., LLC ("Borror Construction") on January 15, 2021 at 10:00 a.m. at Brennan, Manna & Diamond, LLC, 250 South Civic Center Drive, Suite 300, Columbus, Ohio 43215. The deposition will be taken by oral examination as if upon cross-examination before any Notary Public or any person authorized to administer oaths under law, will be recorded by steno typing, audio and/or videotape, and will continue from day-to-day until complete, unless otherwise mutually agreed to by the parties. Said deposition is intended for both discovery and evidence at trial and may be used for all purposes permitted by law. Plaintiffs further reserve the right to amend or modify this Notice of Deposition as Plaintiffs find necessary or appropriate.

1

Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), Borror Construction is hereby requested and instructed to designate one or more authorized corporate representatives to testify on its behalf who possess knowledge of information known or reasonably available to Borror Construction with respect to the "30(b)(6) Matters for Examination" identified in **EXHIBIT A** which is attached hereto and incorporated herein by reference. Furthermore, this 30(b)(6) deposition is to address various ESI issues as set forth below and shall not preclude Plaintiffs from any other future 30(b)(6) deposition of Borror Construction (or affect time limits, if any).

Respectfully submitted,

*/s/ Lucas K. Palmer*
David M. Scott (0068110)
Lucas K. Palmer (0080838)
Krista D. Warren (0097842)
**BRENNAN, MANNA & DIAMOND, LLC**
250 S. Civic Center Dr., Ste. 300
Columbus, Ohio 43215
Telephone:  (614) 246-7500
E-mail:  dscott@bmdllc.com
  lkpalmer@bmdllc.com
  kdwarren@bmdllc.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the December 31, 2020, a copy of the foregoing was emailed to the following:

James E. Arnold, Esq, jarnold@arnlaw.com
Damion M. Clifford, dclifford@arnlaw.com
Tiffany L. Carwile, tcarwile@arnlaw.com

Eric J. Wittenberg, eric@cswcolpa.com
Todd A. Harpst, tharpst@harpstbecker.com
Nicholas J. Horrigan, nhorrigan@harpstbecker.com

*/s/ Lucas K. Palmer*
Lucas K. Palmer (0080838)

# EXHIBIT A

## 30(b)(6) MATTERS FOR EXAMINATION

1. "Document" or "documents" mean all written, printed or recorded matter of any kind including, but not limited to, the originals and any non-identical copies whether different from originals because of notes made on such copies or otherwise, and writings of every kind and description, whether inscribed by hand or mechanical, electronic, photographic or other means, as well as phonic of any of the following: books, records, reports, memoranda, internal memoranda, transcript, notes, letters, speeches, diaries, calendar or diary entries, schedules, maps, graphs, charts, contracts, releases, appraisals, calculations, valuations, estimates, quotations, price lists, opinions, studies, analyses, summaries, magazines, booklets, pamphlets, circulars, bulletins, company communication, instructions, minutes, records of meetings, photographs, purchase orders, invoices, bills, checks, tabulations, questionnaires, films, tapes, surveys, messages, telephone call slips, correspondence, manifest, tables, statements, drawings, sketches, tax reports, working papers, facsimile and/or facsimile related pages, financial statements, ledgers, journals, computer data and electronic mail (including information or programs stored in a computer, whether or not ever printed out or displayed), as well as any other tangible thing on which information is recorded and including all non-identical preliminary versions, drafts or revisions of any of the foregoing, and supporting, underlying or preparatory material.

2. "Concerning" means relating to, referring to, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, analyzing, reflecting, evidencing or consulting.

3. The term "person", as used herein, shall mean and include natural persons, firms, sole proprietorships, partnerships, associations, corporations, joint ventures, companies, and any other legal, business, or governmental entity.

4. The terms "you" and "your" means Borror Construction and its attorneys, receiver, agents, investigators, consultants, or other representatives.

5. The term "communication(s)", as used herein, shall mean any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, e-mail, text, note, advertisement, facsimile or facsimile related pages, or any other form of information exchange, whether verbal or written.

6. The term "Defendant", "Borror", or "Borror Construction" shall refer to Borror Construction Co., LLC, one of the Defendants in this Action, and shall include its past or present employees, attorneys, agents, representatives, and other person or persons acting or purporting to act on its behalf.

7. The term "Plaintiffs" or "Oro" shall refer to "Oro Capital Advisors, LLC, Oro Karric North, LLC, Oro Karric South, LLC, Oro Silvertree, LLC, Oro Springburne, LLC,

3

Oro RB SPE Owner, LLC, and Oro Island Club SPE Owner, LLC, any of their respective past or present joint venturers, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, attorneys, agents, representatives, and other person or persons acting or purporting to act on their respective behalves.

8. The term "Borror Management" shall refer to Borror Management Properties, LLC, and shall include its past or present employees, attorneys, agents, representatives, and other person or persons acting or purporting to act on its behalf.

9. The term "Borror Affiliates" shall refer to any person, entity, corporation, limited liability company, and/or organization associated with, related to, and/or connected with Borror Construction or Borror Management.

10. The term "representative," as used herein, shall mean and include all officers, directors, agents, employees, partners, attorneys and consultants.

11. The term "Borror Construction Agreement" shall refer to, collectively, the construction management agreement entered into on or about June 25, 2018 between Oro Capital Advisors, LLC, acting as agent for Oro Karric North, LLC, Oro Karric South, LLC, Oro Silvertree, LLC, Oro Springburne, LLC, Oro RB, and Oro Island Club SPE Owner, LLC, and Borror Construction and titled "Standard Agreement and General Conditions Between Owner and Construction Manager [with the subtitle] Where the Basis of the Payment is the Cost of the Work") and the addendum thereto entered into on or about the same date and titled "Addendum No. 1 to Standard Agreement and General Conditions Between Owner and Construction Manager", together with any applicable addendums or modifications thereto.

12. The terms "Party" and/or "Parties" shall refer, individually and/or collectively to Oro Capital Advisors, LLC, Oro Karric North, LLC, Oro Karric South, LLC, Oro Silvertree, LLC, Oro Springburne, LLC, Oro RB SPE Owner, LLC, and Oro Island Club SPE Owner, LLC and Borror Construction Co., LLC.

13. The term "Project Property" means the real estate and all fixtures and personal property thereon located at 5850 Shannon Place, Dublin, Ohio 43016—Franklin County Tax Parcel Nos. 590-185197 and 560-185195, 3970 Brelsford Lane, Dublin, Ohio 43016—Franklin County Tax Parcel No. 590-202396, 5350 Silverthorne Road, Columbus, Ohio 43081—Franklin County Tax Parcel No. 600-204075-00, 300 Springboro Lane, Columbus, Ohio 43234—Franklin County Tax Parcel Nos. 610-200940 and 610-204547, 1480 Runaway Bay Drive, Columbus, Ohio 43204—Franklin County Tax Parcel Nos. 010-105155-00, 010-138775-00, 010-193917-00, and 010-193918-00.

14. The term "Project" means all of the improvements and/or work and or equipment and materials supplied to or relating to or concerning the Project Property and any related personal property or fixtures relating thereto, including, but not limited to, all work performed, and/or all equipment and/or materials (including, but not limited

to, those used up in the work) supplied under the terms of the Borror Construction Agreement, and any subcontracts or any other agreements pertaining to work on the Project and/or any labor performed or equipment or materials otherwise supplied to the Project Property by Borror Construction or any other person or persons.

15. "RDI" shall mean Research Data, Inc. and shall include its past or present employees, attorneys, agents, representatives, and other person or persons acting or purporting to act on its behalf.

16. "Rankey" shall mean Jeffrey Rankey.

17. "Weaver" shall mean Katie Weaver.

18. "Sellers" shall mean Karric North Apartments, Inc., Karric South Apartments, Inc., Silvertree Apartments, Inc., and Springburne Apartments, Inc. and shall include their past or present employees, attorneys, agents, representatives, and other person or persons acting or purporting to act on its behalf.

19. The terms "relating to" or "relate to" or "regarding" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, comprising, mentioning, commenting upon, supporting, contradicting, concerning, or referring to the subject or topic in question, either in whole or part.

## 30(b)(6) MATTERS FOR EXAMINATION

Pursuant to Fed R. Civ. P. 30(b)(6), Plaintiffs request that Borror Construction designate one or more authorized corporate representatives to testify on its behalf who possess knowledge or information known or reasonably available to Borror Construction with respect to the matters listed below:

1. Details concerning the information technology systems and infrastructure used by Borror Construction, Sellers, Borror Management, and/or Borror Affiliates (collectively the "Borror Entities"), including but not limited to, networks, cloud storage, structured data, electronic devices, and emails.

2. Details concerning the information technology department of the Borror Entities and the employees and/or third persons who performed information technology services between January 1, 2017 and the present.

3. Details concerning the information technology, electronic device, email, and document retention policies of the Borror Entities.

4. Details concerning the ownership of the email addresses used by employees and/or agents of the Borror Entities, including, but not limited to, email addresses ending in borror.com and the email addresses of Rankey and Weaver.

5

5. Details concerning the purchasing and ownership of the electronic devices used by the Borror Entities during the time period between January 1, 2017 and the present.

6. Details concerning the Borror Entities' past experiences with any litigation hold letters or litigation holds.

7. Details concerning the facts and circumstances of the Borror Entities' receipt of the litigation hold letter from Oro's counsel ("the Litigation Hold Letter") and how and to what extent it was shared, discussed, and/or distributed, if at all.

8. Details concerning the implementation or lack of implementation of any litigation holds for any of the Borror Entities and/or their employees or agents relating to or regarding any of the disputes between Oro and the Borror Entities.

9. Details concerning communications of all kind regarding the Litigation Hold Letter that Oro's counsel issued to the Borror Entities.

10. Details concerning any actions to preserve data taken by the Borror Entities upon receipt of the Litigation Hold Letter.

11. Details concerning any actions to preserve data taken by the Borror Entities prior to their receipt of the Litigation Hold Letter.

12. Details concerning the relationship between the Borror Entities and RDI.

13. Details concerning the contracts, agreements, and/or services that RDI provides and/or has provided to the Borror Entities.

14. Details concerning the processes, abilities, and practices regarding the email accounts of employees and/or agents of the Borror Entities, including, but not limited to, storage, back-up, deletion, saving, archiving, and/or sharing of emails and any safeguard systems used to prohibit or prevent the deletion of emails.

15. Details concerning the electronic devices used by Weaver and electronic devices used by Rankey during their employment with the Borror Entities, including, but not limited to, any reassignment of such devices, the processes regarding such devices upon Rankey and Weaver returning them to the Borror Entities, and the current and past status of such devices.

16. Details concerning the communications of all kind between or amongst any one or more of the Borror Entities (or their employees and/or agents) and/or RDI regarding the email accounts of Rankey and/or Weaver, including, but not limited to, communications regarding preservation, archiving, saving, and deleting the accounts and any attempts to recover the accounts or emails.

17. Details concerning the internal communications of all kind between or among any persons at one or more of the Borror Entities regarding the email accounts of Rankey and/or Weaver, including, but not limited to, communications regarding storage, preservation, archiving, saving, and deleting email accounts and any attempts to recover the accounts or emails.

18. Details concerning the facts and circumstances surrounding RDI's purported attempts to archive the Rankey and Weaver email accounts and RDI's purported deletion of such accounts and emails contained there and any communications relating thereto.

19. Details concerning the efforts of the Borror Entities and/or RDI or any person acting on behalf of the aforementioned to recover the deleted email accounts or emails of Rankey and Weaver.

20. Details concerning all sources in which Weaver's and/or Rankey's emails were and/or could have been stored.

21. Details concerning the facts and circumstances of Weaver's purported deletion of emails prior to her departure from Borror Construction and/or Borror Management.

22. Details concerning the facts and circumstances of Weaver's departure from Borror Construction and/or Borror Management.

23. Details concerning the facts and circumstances of Rankey's departure from Borror Construction and/or Borror Management.

24. Details concerning any negotiations, agreements, settlements, discounts, or payments relating to the purported failure to archive and the deletion of the email accounts and/or emails of Rankey and Weaver and RDI.

25. Details concerning the laptop previously used by Bridgett Everett (the "Laptop"), including make/model, identifying information, purchase information, and/or records relating thereto.

26. Details concerning the seizing of the Laptop from Bridgett Everett at or near the time of her departure from Borror Construction and/or Borror Management.

27. Details concerning the facts and circumstances surrounding the purported theft of the Laptop.

28. Details concerning the facts and circumstances regarding any investigations or reporting to law enforcement or insurance carriers regarding the purported theft of the Laptop.

7

29. Details concerning the facts and circumstances regarding any efforts by the Borror Entities or anyone acting on behalf of the Borror Entities, or law enforcement, to recover the purportedly stolen Laptop.

30. Details concerning the efforts of the Borror Entities and/or RDI or any person acting on behalf of the aforementioned to recover or obtain any information on the Laptop at the time it was purportedly stolen.

31. Details concerning the facts and circumstances regarding whether and to what extent any information or records maintained on the Laptop were preserved, backed up, saved to cloud storage, or otherwise preserved in forums outside of the Laptop.

32. Details concerning the facts and circumstances regarding what efforts were undertaken to preserve data on the Laptop upon Bridget Everett's departure from Borror Construction and/or Borror Management.

33. Details concerning any notices that were provided to any person's private or sensitive information that may have been stored on or accessed through the Laptop.

34. Details concerning the processes and methods used by the Borror Entities to track electronic devices used by the Borror Entities and/or their employees and/or agents, including, but not limited to, the processes that occur when a device is returned by a departing employee and reassigned.

35. Details concerning the past or present status of the devices that were used by former employees of the Borror Entities who worked on the Project in any manner or who were involved in the management of any Oro properties or involved in the sale by the Sellers, and who's devices have been reassigned to other employees and/or "retired."

36. Details concerning what actions the Borror Entities have undertaken to determine whether the devices used by former employees who worked on the Project are likely to have discoverable ESI.

37. Details concerning how employees and/or agents of the Borror Entities access programs such as word processing, accounting, or other software programs like excel, on their electronic devices, and the use of local desktops on electronic devices between January 1, 2017 and the present.