IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| ORO CAPITAL ADVISORS, LLC, et al., : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> BORROR CONSTRUCTION CO., : <br> LLC, et al., : <br> : <br> **Defendants.** : | Case Nos. 2:19-cv-5087 <br><br> **CHIEF JUDGE ALGENON L. MARBLEY** <br><br> Magistrate Judge Deavers |

**OPINION & ORDER**

This matter is before the Court on Defendant Reliable Staffing Resource, LLC's ("Reliable") Motion to Set Aside Entry of Default (ECF No. 159). For the reasons set forth below, the Court **GRANTS** Defendant's Motion (*Id.*).

## I. BACKGROUND[1]

Plaintiffs—Oro Capital Advisors, LLC, Oro Karric South, LLC, Oro Karric North, LLC, Oro Karric North, LLC, Oro Springburne, LLC, Oro Island Club, SPE Owner, LLC ("collectively, Oro")—filed their initial Complaint in November of 2019. (ECF No. 1). On July 20, 2021, Oro filed its First Consolidated Amended Complaint, adding Reliable as a Defendant. There it asserted claims of Quiet Title and Slander of Title against Reliable and others. (*See* ECF No. 134 ¶¶ 160–67, 173–77). On November 17, 2021, Oro filed an application to the Clerk for an entry of default.

---

[1] The background of this case has been assiduously set forth in prior decisions of the Court (*see e.g.*, ECF No. 130). This Opinion incorporates that background by reference herein and is summarized, restated, or otherwise supplemented as required to resolve the pending motions to dismiss.

1

(ECF No. 152). The next day, Counsel for Reliable filed a Notice of Appearance. Three days later, the Clerk entered Default as to Reliable. (ECF No. 156).

On December 03, 2021, Reliable filed its Motion to Set Aside Default. (ECF No. 159). Oro timely filed its Response (ECF No. 167); and Reliable timely Replied (ECF No. 168). This matter is now ripe for review.

## II.  STANDARD OF REVIEW

Rule 55(c) provides that "the court may set aside an entry of default for good cause." *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992) ("When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard."). The three factors traditionally considered by courts in determining whether good cause exists were "set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, [and] assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.' 705 F.2d 839, 844 (6th Cir. 1983)." *Dassault Systemes, SA v. Childress,* 663 F.3d 832, 839 (6th Cir. 2011).

## III.  LAW & ANALYSIS

Reliable argues that good cause exists to set aside the Clerk's entry of default because Reliable did not default willfully, there was no prejudice to Oro, and Reliable has a meritorious defense. (ECF No. 159 at 5–7). Oro contends that Reliable's default was, indeed, willful and its defenses are not meritorious; instead of claiming prejudice, Oro simply argues that prejudice is a non-dispositive factor. (ECF No. 167 at 5–6).

Here, the Court finds that setting aside the entry of Default by the Clerk is warranted. First, though Reliable's neglect certainly put itself in this situation, the neglect does not rise to a level of willfulness or intentional disregard of its obligations. *Krutko v. Franklin Cnty., Ohio*, No. 2:11-CV-610, 2012 WL 104541, at *2 (S.D. Ohio Jan. 12, 2012) (Marbley, J.) (citing *Childress*, 663 F.3d at 839) (declining to find willfulness where the Defendant showed no intentional disregard for their obligations and made every effort remedy their mistake once it came to their attention). Instead, as both sides note, Reliable attempted to resolve this matter without court-involvement. Specifically, Reliable attempted to avoid potentially expensive motions practice by conferring directly with Oro—asserting a particularly strong defense: that it neither had interest in the land nor the instrument that was the basis of Oro's claims.

Though Oro characterizes Reliable's actions differently, it appears undisputed that the parties were in contact until just before Oro sought an application for an entry of default. Further, during the month of October and into November—when entry was ultimately sought—counsel's father fell ill and ultimately passed away. After filing an appearance in this case, he then found out that Oro applied for the entry of default. Once notified of this event, Reliable moved to set aside this entry. Thus, this Court cannot find that Reliable's default was willful.

Second, this Court finds that setting aside default will not prejudice Oro. Indeed, Oro does not even claim as much in its Response in Opposition. Because "delay alone is not a sufficient basis for establishing prejudice," *Krutko*, 2012 WL 104541, at *2 (citing *Childress*, 663 F.3d at 842 (6th Cir. 2011), this Court finds that setting aside the default will not prejudice Oro. Also, just as in *Krutko¸* Oro waited a significant amount of time to file its Complaint against Reliable—taking almost twenty months from its original Complaint to name Reliable as a Defendant. Thus,

3

"any loss of evidence from the lapse of time from the underlying events in this case would not be substantially the fault of Defendant[]." *Id.* *2.

Finally, Reliable presents a meritorious defense. The standard for determining whether a litigant meets this threshold is "whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* at *2 (*Childress*, 663 F.3d at 843). Here, Reliable easily meets this standard. Similarly to Defendant Skyworks, Reliable asserts that because it no longer has an interest in the basis for the suit—namely, its lien—claim for Quiet Title fails. Moreover, because Reliable's lien was filed over a year before a cause of action was asserted against them, Oro's Slander of Title claim also fails. Because Skyworks presented this exact defense and prevailed on its Motion to Dismiss (*See* ECF No. 205), this Court finds that Reliable has demonstrated that there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default. Accordingly, Reliable's Motion to Set aside the Clerk's Entry of Default is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Reliable Staffing Resource, LLC's Motion to Set Aside Entry of Default (ECF No. 159). The Clerk is Directed to **VACATE** the **ENTRY OF DEFAULT**. Reliance **SHALL FILE ITS ANSWER** on or before seven (7) days of the issuance of this Opinion and Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 19, 2022**